IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Darlene M. Washington, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:09-cv-01774-JOF |
| John E. Potter, *Postmaster General*, | : |
| | : |
| Defendant. | : |
| | : |

**OPINION & ORDER**

This matter is before the court on Defendant's motion to dismiss Plaintiff's amended complaint [11]; the Report and Recommendation of Magistrate Judge Russell G. Vineyard [15]; and Plaintiff's objections thereto [16].

Plaintiff Darlene Washington, an African-American female, is currently employed by the United States Postal Service ("USPS"). Over the past three years, Plaintiff has had recurring issues with a Caucasian co-worker, Alma Lee ("Lee"). On December 5, 2007 there was a conflict between Plaintiff and Lee. As a result, Plaintiff received a Notice of Removal ("First Notice of Removal") from the USPS on January 15, 2008. Plaintiff then filed a formal complaint ("First EEO Complaint") with an USPS Equal Employment Opportunity representative on February 26, 2008, alleging age discrimination and retaliation in violation

of Title VII. While Plaintiff's First EEO Complaint was pending, she filed a grievance ("Grievance") with the Union. The Grievance was resolved in Plaintiff's favor. She was allowed to return to work, and Lee was transferred to a different office. Plaintiff received the Final Agency Decision ("FAD") for her First EEO Complaint on December 10, 2008.

On June 20, 2008, while the investigation of the First EEO Complaint was ongoing, Lee returned to work at Plaintiff's office. Around July 17, 2008, there was another conflict between Lee and Plaintiff ("Second Conflict"). As a result of the Second Conflict, Plaintiff received another Notice of Removal ("Second Notice of Removal") on August 20, 2008. On September 18, 2008, Plaintiff filed another EEO complaint ("Second EEO Complaint") alleging race discrimination and retaliation in violation of Title VII. Plaintiff received the FAD regarding her Second EEO Complaint on April 1, 2009.

Plaintiff, represented by counsel, filed her original complaint on June 30, 2009 ("Original Complaint") alleging race discrimination and retaliation in violation of Title VII. The Original Complaint referenced Plaintiff's First Notice of Removal and First EEO Complaint. The FAD for the First EEO Complaint, which concerned age discrimination and retaliation, was issued on December 10, 2008. Plaintiff's Second Conflict, Second Notice of Removal, and Second EEO Complaint, which did concern race discrimination, were not mentioned in the Original Complaint. Defendant filed a Motion to Dismiss on December 21, 2009, arguing Plaintiff's Original Complaint was time-barred because it was not filed

2

within ninety days of the First FAD, and that Plaintiff had failed to exhaust administrative remedies for race discrimination claims arising out of the First Conflict and First Notice of Removal because the EEO Complaint referred to in Plaintiff's complaint alleged age discrimination and not race discrimination.

Plaintiff filed an amended complaint ("Amended Complaint") on January 4, 2010. In the Amended Complaint, Plaintiff asserted that the present lawsuit was the culmination of the events surrounding her Second Notice of Removal and Second EEO Complaint. In subsequent filings, Plaintiff appeared to abandon the claims in the Original Complaint, stating that the "operative complaint is not [her] Original Complaint but rather it is [her] First Amended Complaint." Docket Entry [13], Plaintiff's Response in Opposition, ¶ 2.

In response, Defendant filed a second Motion to Dismiss alleging that Plaintiff's new claims should still be dismissed as untimely. Specifically, Defendant argued that Plaintiff did not file a claim for race discrimination resulting from her Second Notice of Removal until January 4, 2010, well outside of the ninety-day limitations period. Therefore, her claim was time-barred.

Magistrate Judge Russell G. Vineyard issued a Report and Recommendation recommending that Defendant's Motion to Dismiss the Amended Complaint be granted. The Magistrate Judge determined that while Defendant's first Motion to Dismiss had become moot as a result of Plaintiff's Amended Complaint, the Amended Complaint was still

3

untimely because it was filed outside the ninety-day limitations period. Further, even though the Original Complaint was filed within the ninety-day limitations period for Plaintiff's Second EEO Complaint, the Amended Complaint could not be made timely by relating back to the Original Complaint because the claims raised in the Original Complaint were also untimely. The Original Complaint only raised a claim concerning Plaintiff's First EEO Complaint. In order to be timely, it had to be filed on or before March 10, 2009. Since it was not filed until June 24, 2009, the Magistrate Judge concluded that the Original Complaint was untimely and Plaintiff's Amended Complaint therefore had no timely complaint to relate back to.

Plaintiff filed an Objection to the Report and Recommendation on April 28, 2010. While Plaintiff admitted that her Original Complaint was "poorly drafted," she argued the Original Complaint should be broadly construed as raising the same claim in order to allow her Amended Complaint to relate back. Specifically, Plaintiff argued that the Original Complaint's references to her First EEO Complaint and First Notice of Removal were merely background facts later expanded upon by the Amended Complaint. Defendant filed a reply to the objection on May 14, 2010 in support of Magistrate Judge Russell G. Vineyard's Report and Recommendation..

Before a federal employee may pursue a Title VII civil action, the employee must first exhaust administrative processes by filing a formal complaint with the Agency that has

4

allegedly discriminated against him or her. *Aldridge v. Potter*, No. 8:08-cv-2034-T-30EAJ, 2009 U.S. Dist. LEXIS 36244, at *5 (M.D. Fla. April 17, 2009). Within ninety-days after the employee has received an FAD, he or she may file a civil action in federal district court. 29 C.F.R. § 1614.407(a). Once a defendant contests the timeliness of a complaint, the "employee bears the burden of establishing that she timely filed her complaint." *Jones v. Wynne*, 266 Fed. Appx. 903, 905 (11th Cir. 2008) (citing *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002)).

Here, Plaintiff's Amended Complaint raises a racial discrimination and retaliation[1] claim arising out of her receipt of her Second Notice of Removal on August 20, 2008. Plaintiff filed the Second EEO Complaint regarding this notice of removal on September 18, 2008, and received the FAD on April 1, 2009. Thus, in order for Plaintiff's civil action regarding the Second EEO Complaint to be timely, Plaintiff would have had to file a

---

[1]Including the retaliation claim in Plaintiff's Amended Complaint is generous. While Plaintiff's Original Complaint stated two causes of action under Title VII, one for race discrimination and one for retaliation, Plaintiff's Amended Complaint merely had one section, entitled Title VII Discrimination, in which she discusses the "discriminatory treatment [Plaintiff endured] because of her race" and asserts that she was "discharged from her employment with defendant for a discriminatory reason that is based on Plaintiff's race." Plaintiff never mentions the word "retaliation" and otherwise never alleges that there was a causal connection between the Notice of Removal she received on August 20, 2008 and any prior EEO Complaints. The Magistrate Judge obviously assumed Plaintiff intentionally dropped the retaliation claim from her Amended Complaint. However, because Plaintiff continued to refer to her retaliation claim in subsequent filings, this court chooses to give her the benefit of the doubt and assumes it still exists. Ultimately, whether Plaintiff's retaliation claim still exists or not is irrelevant because the court determines that Plaintiff's complaints are untimely.

5

complaint addressing the claims raised in the Second EEO Complaint on or before June 30, 2009. While Plaintiff did file a complaint before June 30, 2009, that complaint only alleged facts arising from Plaintiff's First EEO Complaint. Plaintiff did not assert claims arising from Plaintiff's Second EEO Complaint until she filed her Amended Complaint on January 4, 2010, well outside the ninety-day limitations period. Therefore, Plaintiff's Amended Complaint was not timely and can only be considered timely if it relates back to the date of the Original Complaint.

According to Rule 15, "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." *Shields v. City of Lake Mary, Fla.*, No. 6:08-cv-239-Orl-18KRS, 2008 WL 3832137, at *2 (M.D. Fla. Aug. 6, 2008); *Davenport v. United States,* 217 F.3d 1341, 1344 (11th Cir. 2000) ("The untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'") (citing *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir.2000)). Thus, if a plaintiff attempts to raise a claim arising out of an entirely different set of facts by amendment, Rule 15(c)(1)(B) will

AO 72A
(Rev.8/82)

not authorize relation back. Further, the original complaint must also have been timely filed in order for there to be a complaint to relate back to. *See Davenport*, 217 F.3d at 1344 ("The untimely claim must have arisen from the 'same set of facts' as the *timely* filed claim") (emphasis added). Thus, in order for Plaintiff's Amended Complaint to successfully relate back, two things must be true: it must arise from the same set of facts as the Original Complaint, and the Original Complaint must have been timely. As the Magistrate Judge correctly determined, neither is the case here.

Plaintiff argues that her Original Complaint raises the same general claim as her Amended Complaint, race harassment and retaliation, and therefore the two complaints are sufficiently interrelated to apply the relation back principle. Plaintiff agrees the claim in the Original Complaint was "not clearly stated," but argues that there were some facts, specifically relating to a union grievance process in 2009, that suggest she was referring to her Second EEO Complaint and FAD rather than to the First EEO Complaint and FAD. It is true that these claims were not clearly stated; in fact, they were not stated at all. Nothing in the Original Complaint suggested to the court or to Defendant that Plaintiff was raising a claim regarding anything but her First Notice of Removal, First EEO Claim, and First FAD.[2]  The Original Complaint did not contain even one reference to Plaintiff's Second

---

[2]The Original Complaint did not mention Plaintiff's second conflict with Lee in July of 2008, her Second Notice of Removal, her Second EEO Complaint, or her receipt of the FAD for her Second EEO Complaint. In fact, Plaintiff agrees the only facts in the Original Complaint which could possibly relate to Plaintiff's Second EEO Complaint are in ¶ 14 of

Notice of Removal, her Second EEO Complaint, or her Second FAD, and therefore, Plaintiff's argument that the facts laid out in the Original Complaint were merely "background facts" does not make sense. Plaintiff's Amended Complaint attempts to raise a claim regarding Plaintiff's Second EEO Complaint and FAD, while her Original Complaint raises a claim regarding Plaintiff's First EEO Complaint and FAD. Since Plaintiff's Amended Complaint and Original Complaint concern two separate EEO Complaints and FADs, they arise out of different facts and circumstances. Therefore, Rule 15(c)(1)(B) does not authorize relation back.

This also means that the Original Complaint was not timely, since it only raised claims regarding Plaintiff's First FAD. Plaintiff received her First FAD on December 10, 2008. She had ninety days from December 10, 2008 (March 10, 2009) to file her complaint regarding that FAD in federal court. Since Plaintiff did not file within that ninety days, her Original Complaint was untimely and "there is effectively nothing for the Title VII claim,

---

Plaintiff's Original Complaint. In this paragraph, Plaintiff discusses a Pre-Arbitration Settlement which allowed her to return to work in early July of 2009. However, the two paragraphs immediately preceding this paragraph state, "Defendant immediately suspended Plaintiff from job [sic] on December 5, 2007 and issued a notice of removal dated January 15, 2008." and "Plaintiff filed grievance with Union [sic], and Plaintiff has been working for the Post Office for at least 12 years with a good work history and without any disciplinary history before her complaints of harassment against Alma Lee." The two preceding paragraphs clearly refer to Plaintiff's First Notice of Removal and First EEO Complaint, which alleged age discrimination and retaliation. There is nothing to suggest that the paragraph referring to the Union Pre-Arbitration Settlement referenced anything but Plaintiff's First EEO Complaint.

pled in the amended complaint, to relate back to." *Roberts v. Newberry Coll.*, C/A No. 7:08-3198-GRA-BHH, 2009 WL 1485038, at *3 (D.S.C. May 27, 2009).

The court ADOPTS the Report and Recommendation of the Magistrate Judge. The court DENIES AS MOOT Defendant's motion to dismiss [7]. The court GRANTS Defendant's motion to dismiss amended complaint [11].

**IT IS SO ORDERED** this 28th day of June 2010.

    /s   J. Owen Forrester
    J. OWEN FORRESTER
    SENIOR UNITED STATES DISTRICT JUDGE